QUIGLEY, adm'x, *vs.* PRIMROSE.

1. The statute of this State does not destroy the distinction which the law merchant recognizes, between foreign and inland bills of exchange, and promissory notes; nor does it make the same rules applicable to their securities.

2. The terms of the statute are, that the law merchant, applicable to each,. several class shall prevail, instead of the provisions previously in force in this State, with relation to assignable securities.

3. No protest is necessary to fix the liability of the endorser of a promissory note—a demand of payment at the time and place provided for it, with notice of such demand to the endorser, is all that the law requires.

4. A plaintiff is not held, in an action against an endorser, to strict proof of the time or place of demand of payment of a promissory note, when laid under a *scilicet*, and, in most cases, may make his proof conform to the legal effect of his declaration.

Error to the Circuit court of Mobile.

Assumpsit on a promissory note, payable in bank, tried before *Pickens, J.*

In this case, judgment for plaintiff was rendered by *nil dicit.*

The plaintiff in error assigned as error:

That the declaration did not contain a sufficient cause of action, whereon to recover of the plaintiff in error, being sued on the endorsement of her intestate, of a note negotiable in the Bank of Mobile; and that it did not contain a proper and legal averment of demand made of the maker, and of protest and notice thereof to the endorser.

Quigley, adm'x, *vs.* Primrose.

*Thornton,* for plaintiff in error.
*Dunn,* contra.

GOLDTHWAITE, J.—The plaintiff in error insists—

1. That her intestate is not liable, as endorser, unless a protest of the note is averred in the declaration, and shewn in evidence; and

2. That the averment of the time when this note was presented for payment, shews no demand of the maker at the place provided for payment, at the time when it became due; and therefore, no cause of action is shewn.

1. It is supposed by the counsel for the plaintiff in error, that our statute places promissory notes payable in bank, on the same footing as foreign bills of exchange, and that they are to be governed by the same rules; but this supposition is not warranted by the act, which is as follows: "Hereafter, the remedy on bills of exchange, foreign and inland, and on promissory notes payable in bank, shall be governed by the rules of the law merchant, as to days of grace, protest and notice."

It was not intended by this act, to destroy any distinction which the law merchant recognizes, between foreign and inland bills, and promissory notes; nor to make the *same rules* applicable to each of their securities; but the intention of the statute, as indicated by its terms, is, that the law merchant, as applicable to each class, shall prevail, instead of the provisions previously in force in this State, with relation to most assignable securities. No protest was necessary by the law merchant, to fix the liability of the endorsers of promissory notes—a demand of payment at the time and place pro-

Quigley, adm'x, *vs.* Primrose.

vided for it, with notice of such demand, was all that the law required, or now requires; and if such a demand is shewn by the declaration, this objection cannot prevail.

2. But it is said that no such demand is shewn. The averment of the declaration is in these words: "The said plaintiff avers, that afterwards, *to wit*, on the 28th day of March, when said note became due and payable, according to the tenor and effect thereof, the same was duly presented," &c. By the rules of the law merchant, this note became due on the 26th March, allowing three days grace, and if in point of fact, presented on the day stated in the declaration, the endorser would have been discharged. But the plaintiff is not held to strict proof of time or place, when laid under a *scilicit;* and he is authorised, in most cases, to make his proof conform to the legal effect of the declaration. Here the material matter to be averred was, that the note, *when due*, was presented; and the allegation that it was on the twenty-eighth of March, being wholly inconsistent with this allegation, may be rejected. The authorities are all concurrent to prove that this objection cannot avail the party.—(Chitty on Bills, 851; Bynner vs. Russel, 1 Bing. 23.)

Let the judgment be affirmed.